UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JOSE HUGO GONZALEZ-HERNANDEZ,**

   Movant,

v.

**UNITED STATES OF AMERICA,**

   Respondent.

No. 4:24-cv-0769-P
(No. 4:21-cr-0305-P)

## OPINION AND ORDER

Came on for consideration the motion of Jose Hugo Gonzalez-Hernandez, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

The record in the underlying criminal case reflects the following:

On March 9, 2022, Movant was named in a five-count superseding indictment charging him in count one with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.SC. § 846, in counts two, three, and four with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and in count five with illegal reentry after deportation. CR ECF No.[1] 60. Movant entered into a plea agreement pursuant to which he agreed to plead guilty to the offense charged by count four of the superseding indictment and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the guilty plea and to

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:21-cr-0305-P.

dismiss any remaining counts against him. CR ECF No. 79. The guilty plea also set forth the penalties Movant faced, including imprisonment for a period of not more than 20 years, the Court's sentencing discretion and role of the guidelines, Movant's waiver of the right to appeal or otherwise challenge his conviction and sentence, and representation that the plea was freely and voluntarily made and not the result of force, threats, or promises. *Id.* Movant and his counsel also signed a factual resume that set forth the penalties Movant faced, the elements of the offense to which he was pleading guilty, and the stipulated facts establishing that Movant had committed that offense. CR ECF No. 80. On April 20, 2022, Movant appeared in open court and testified under oath to all of the facts necessary to establish that his plea was knowing, voluntary, and informed. CR ECF No. 119. Among other things, Movant testified that: he was fully satisfied with the legal representation and advice he had received from his attorney, *id.* at 37; he had read and fully understood the plea agreement, *id.* at 39; he knowingly and voluntarily waived his right to appeal, *id.* at 41; and, he understood that he faced a term of imprisonment of not more than twenty years. *Id.* at 47–48.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 30. CR ECF No. 93, ¶ 28. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 35, 36. Based on a total offense level of 27 and a criminal history category of III, Movant's guideline imprisonment range was 87 to 108 months. *Id.* ¶ 86. Movant filed objections, CR ECF No. 95, and the probation officer prepared an addendum to the PSR. CR ECF No. 97.

At sentencing, Movant persisted in his objection that he should not be held accountable for seven kilograms of cocaine. CR ECF No. 115. The Court overruled the objection and sentenced Movant to a term of imprisonment of 87 months. *Id.*; CR ECF No. 100. Movant appealed, CR ECF No. 104, despite having waived the right to do so. CR ECF No. 79, ¶ 10. The attorney appointed to represent Movant on appeal filed a motion for leave to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The United States Court of Appeals for the Fifth Circuit concurred with counsel's assessment that the appeal

presented no nonfrivolous issue for appellate review, dismissing the appeal. *United States v. Gonzalez Hernandez*, No. 22-10842, 2023 WL 3918984 (5th Cir. June 9, 2023).

## GROUND OF THE MOTION

Movant asserts one ground in support of his motion, alleging that he received ineffective assistance because his counsel failed to: (1) investigate, (2) communicate, (3) negotiate a favorable plea deal, (4) explain the plea deal or inform him of the possibility of an 87 month sentence, (5) file pretrial motions, (6) call witnesses at sentencing, (7) investigate and impeach government witnesses at sentencing, (8) succeed in objections to the PSR's drug quantity determination, and (9) adequately present appellate arguments. ECF No.[2] 1.

## APPLICABLE LEGAL STANDARDS

### A.  § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an *Id.* at 18. for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

## B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Movant's argument begins with the ludicrous allegation that his counsel's laziness "led her into railroading [him] into taking the Government's bad plea deal." ECF No. 1 at 16.[3] He next accuses counsel

---

[3] The page number references to the motion are to "Page __ of 36" reflected at the top right portion of the document on the Court's electronic filing system and are used because Movant has attached additional pages to the form motion.

4

of failing to attempt to negotiate a favorable plea deal on his behalf. *Id.* at 18. And, he alleges that counsel was unwilling to take the case to trial. *Id.* His conclusory opinions, however, do not suffice to meet the *Strickland* test. *Miller*, 200 F.3d at 282. This is as it should be, because the record reflects that counsel negotiated a plea that subjected Movant to a range of imprisonment of zero to 20 years instead of 5 to 40 years. CR ECF No. 93, ¶ 87. Movant provides no reason to believe that a more favorable plea would have been accepted by the Court, much less that such an offer would have been made by the government. *See United States v. Weldon*, No. CR 19-34, 2023 WL 6293927, at *3 (E.D. La. Sept. 27, 2023) (speculation about potential benefits allegedly denied is insufficient; movant must provide concrete evidence that a favorable plea offer would have been made available to him); *Anderson v. United States*, No. 3:21-CV-2421-K, 2023 WL 1998878, at *4 (N.D. Tex. Feb. 14, 2023) (dismissing allegation that counsel failed to negotiate a favorable plea as vague and conclusory).

Movant alleges that counsel should have filed a motion to suppress evidence but he does not identify any evidence at all. ECF No. 1 at 18. To prevail on such a claim, Movant must show that a motion to suppress would have been meritorious. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

Movant alleges that counsel provided ineffective assistance at sentencing, but again he can only speculate as to how that might be the case. ECF No. 1 at 19. As he admits, his allegation is wholly conclusory. *Id.*

Next, Movant alleges that counsel provided ineffective assistance because she failed to "investigate/call witnesses" on his behalf during a trial and at sentencing. ECF No. 1 at 19. He does not allege with specificity any type of investigation that should have been undertaken or explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 423 (5th Cir. 2006). He is wrong in alleging that the government called witnesses and that his counsel failed to call witnesses at sentencing. CR ECF No. 115. And he does not identify any additional witnesses who should have been called on his behalf. "To

5

prevail on an ineffective assistance claim based upon uncalled witnesses, an applicant must name the witness, demonstrate that the witness would have testified, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable." *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir. 2010).

Movant alleges that counsel failed to file a motion for speedy trial but fails to explain why that would have been necessary or appropriate. ECF No. 1 at 19–20. He also complains that counsel failed to file "one single motion." *Id.* at 20. Again, he fails to identify any motion that should have been filed, much less how he was harmed by the failure to file such motion. His conclusory allegations are not sufficient to raise a constitutional issue. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

Movant mentions a failure to communicate, ECF No. 1 at 20, but he fails to explain what further communication was necessary and why he suffered from a lack of communication with counsel. *See Stiger v. United States*, No. 3:22-CV-2177-L, 2024 WL 3997482, at *4 (N.D. Tex. Aug. 29, 2024).

Movant next refers to alleged "misadvice" although he does not describe any. ECF No. 20. He alleges both that counsel did not adequately explain the possibility of "such a lengthy sentence" and that there is nothing to show that she advised him of the possibility of an 87-month sentence. *Id.* He also alleges that counsel did not adequately review the plea deal with him and that he failed to understand the agreement. *Id.* at 21. Of course, the allegation that his plea was not knowing, voluntary, and intelligent is wholly belied by the record. Movant's plea agreement, CR ECF No. 79, and factual resume, CR ECF No. 80, are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). His solemn declarations in open court, admitting among other things that he understood the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not

entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant clearly understood the penalties he faced and the failure of counsel to accurately predict his sentence does not render his plea unknowing or involuntary. *See United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992); *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989).

Movant next makes a conclusory allegation that counsel failed to challenge the indictment and speculates that doing so might have increased their negotiating strength and led to a better deal. ECF No. 1 at 21. He fails to state a claim.

With regard to trial counsel, Movant finally alleges that the objections to the PSR were completely ineffective and led to him being held accountable for 7 kilograms of cocaine that he had nothing to do with. ECF No. 1 at 21. Counsel filed objections and vigorously argued them at sentencing. CR ECF No. 95; CR ECF No. 115. That the Court was not persuaded does not mean that Movant received ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983).

Finally, Movant alleges that he received ineffective assistance from appellate counsel although he has no evidence to support such an allegation. At best, he alleges that appellate counsel should have raised the issue of Movant's being held accountable for seven kilograms of cocaine. ECF No. 1 at 22. He claims not to have a copy of the appellate briefs but it is clear that he did at one time inasmuch as he filed a response to counsel's *Anders* brief. *Gonzalez Hernandez*, 2023 WL 3918984. The filing of an *Anders* brief does not constitute ineffective assistance; rather, an attorney is under an ethical obligation to refuse to prosecute a frivolous appeal and to seek to withdraw if he finds the case to be wholly frivolous. *Anders*, 386 U.S. at 744; *White v. United States*, 23 F. App'x 570, 572 (7th Cir. 2001). Here, Movant waived his right to appeal except in certain limited circumstances not applicable here, CR ECF No. 79, ¶ 10, and the waiver is enforceable. *United States v. Barnes*, 953 F.3d 383, 389 n.11 (5th Cir. 2020). Thus, appealing on that ground would have been frivolous.

7

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **21st day of November 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE